IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tavares Equal Felton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:23-cv-4657-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden Janson, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Petitioner Tavares Equal Felton's ("Plaintiff") *pro se* petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 15, 2024, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant summary judgment in favor of Respondent and dismiss this petition. (*See* ECF No. 29.) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. After being granted an extension of time, Plaintiff filed objections to the Report. (ECF No. 37.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

## **DISCUSSION**

Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), currently housed at FCI Edgefield, South Carolina, with a projected release date of January 12, 2028, via First Step Act ("FSA") Release.  (ECF No. 11; ECF No. 11-1.)  In this action, Petitioner asserts that the BOP has failed to properly apply his earned time credits ("ETCs") for Evidence-Based Recidivism Reduction ("EBRR") Programming in light of the FSA.  (ECF No. 1, 7-1.)  Specifically, Petitioner contends that his Prisoner Assessment Tool Targeting Estimate Risk Needs ("PATTERN") score is inaccurate; that he is entitled to have additional ETCs applied to his sentence; and that the BOP incorrectly labeled his offense of conviction as a violent crime.  (*Id.*)

On December 27, 2023, Respondent filed a motion to dismiss or, in the alternative, for summary judgment, to which Respondent ultimately filed a response on February 20, 2024, as well as a supplemental brief on April 1, 2024.[1]  (*See* ECF Nos. 11, 19, 28.)

In her Report, filed on May 15, 2024, the Magistrate Judge outlined the applicable law, including the FSA, which allows eligible inmates with all recidivism scores to earn time credits.  28 U.S.C. § 523.42.)  The Magistrate Judge further explained that the amount of time credits an inmate may earn varies according to the inmate's risk level.  18 U.S.C. § 3632(d)(4)(A).  As the Magistrate Judge explained, "[a]lthough all inmates may earn time credits, only those inmates with 'low' and 'minimum' risk scores can have the credits applied to prerelease custody or early transfer to supervised release." (ECF No. 29 at 7

---

[1] Because the Magistrate Judge considered matters outside the pleadings, she treated Respondent's motion as a motion for summary judgment.  (ECF No. 29 at 3.)

(citing 28 U.S.C. § 523.42).)

After considering Petitioner's specific claims, the Magistrate Judge noted that the calculation of Petitioner's risk classification score is a decision entirely within the BOP's discretion. *See* 18 U.S.C. §§ 3621, 3624, 3625; *United States v. Wilson*, 503 U.S. 329, 335 (1992) (explaining that only the Attorney General, acting through the BOP, may administer a federal inmate's sentence, including where an inmate serves his sentence as well as time credit); *Hicks v. Heckard*, No. 5:23-cv-00581, 2024 WL 833190, at *6 (S.D.W. Va. Feb. 1, 2024) ("[T]he parameters used to determine the PATTERN risk assessment are entirely within the discretion of the BOP and are not reviewable by [a federal district court]."), adopted,
2024 WL 818472 (S.D.W. Va. Feb. 27, 2024). As a result of this, as the Magistrate Judge explained, much of the relief Petitioner seeks is simply not within the purview of this Court.

Next, the Magistrate Judge found no merit to Petitioner's assertion that his § 922(g) conviction should not be considered a "violent offense" for purposes of his PATTERN risk assessment score. Thus, as the Magistrate Judge found that Petitioner is not entitled to habeas relief regarding this claim.

In addition, the Magistrate Judge found that Petitioner's Equal Protection claim did not save his § 2241 petition because the "similarly situated" inmates to which Petitioner pointed are not actually similarly situated because the other inmates were sentenced under § 924(a)(2) and not § 922(g). (ECF No. 29 at 11.) Furthermore, the Magistrate Judge explained, "*[e]ven if* Petitioner could show that his alleged comparators were, in fact, 'similarly circumstanced,' his Equal Protection claim would still fail" because Petitioner does not allege that he is part of a suspect class or that he was deprived of a fundamental right,

such that the Equal Protection Clause requires only a rational basis for treating Petitioner differently than other prisoners, and the BOP's decision to penalize a § 922(g)(1) conviction and label it as a "violent offense" survives rational basis review.  (ECF No. 29 at 12-13 (emphasis added).)

In his objections, Petitioner asserts that the Court should not grant summary judgment because there is a genuine dispute of material fact.  (ECF No. 37 at 1.)  He further asserts that, although he originally claimed to be owed over 90 days in FSA time credits, the amount is now over 125 days.  (*Id.*)  Petitioner then acknowledges that he cannot bring this petition on behalf of other inmates.

Next in his objections, Petitioner states: "The parameters used to determine the PATTERN risk assessment used to be entirely within the discretion of the BOP.  But that was before the Chevron doctrine was recently overturned in the Supreme Court.  The BOP should no longer be given deference to create its own definition of 'crime of violence.'" (*Id.*)  Lastly, Petitioner objects to the Magistrate Judge's finding that he does not have an Equal Protection claim, and he provides an additional exhibit showing an inmate "who does not have an ACCA enhancement scored as violent."  (*Id.* at 2.)  According to Petitioner, therefore, he does have evidence of a similarly situated inmate being treated differently.

After *de novo* review, the Court finds Petitioner's objections entirely unavailing, and the Court agrees with the Magistrate Judge's analysis.  Indeed, the Court finds that the Magistrate Judge appropriately summarized the facts and correctly applied the law, and nothing in Petitioner's objections is sufficient to alter her analysis. As the Magistrate Judge properly explained, the parameters used to determine an inmate's PATTERN risk assessment are entirely within the discretion of the BOP and are not reviewable by this

Court.  Furthermore, the Court agrees with the Magistrate Judge that BOP's creation of its own definition for a "crime of violence" is plainly within the BOP's authority.  Finally, the Court also agrees with the Magistrate Judge that there is no genuine dispute of material fact as to Petitioner's Equal Protection claim because, as set forth above, *even if* Petitioner can point to similarly circumstanced comparators, prisoners are not a suspect class, and the BOP's decision to penalize a § 922(f)(1) conviction and label it as a "violent offense" survives rational basis review.

**Accordingly, the Court hereby overrules Petitioner's objections (ECF No. 37); the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 29); and the Court grants Respondent's motion for summary judgment (ECF No. 11) and dismisses this petition.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 29, 2024
Charleston, South Carolina